431 A.2d 1040

**Mary Maria EHRITZ, Executrix of the Last Will and Testament of Otto Ehritz, Deceased, Appellant,**

v.

**Philip E. CAPPRIOTTI, an Individual and Easton Hospital, a Corporation.**

Superior Court of Pennsylvania.

Submitted Dec. 5, 1980.

Filed June 26, 1981.

■■■■■■■■

■■■■■■■■

Bernard V. O'Hare, III, Bethlehem, for appellant.

Richard F. Stevens, Allentown, for Cappriotti, appellee.

Albert J. Schell, Jr., Philadelphia, for Easton, appellee.

Before CAVANAUGH, DiSALLE and MONTEMURO, JJ.

MONTEMURO, Judge:

This case is before the court on appeal from the Order of the Court of Common Pleas of Northampton County sustaining the defendant's Preliminary Objections to jurisdiction and the transferring of the action to the Administrator of the Medical Malpractice Arbitration Panels. The question before the lower court was whether the action fell within the purview of the Health Care Services and Malpractice Act[1] or whether the action could have been brought in trespass in the Court of Common Pleas.

We now find it unnecessary to make a determination on the merits. In *Mattos v. Thompson*, 491 Pa. 385, 421 A.2d 190 (1980), the Supreme Court of Pennsylvania ruled that the section of the Malpractice Act giving health care arbitration panels original exclusive jurisdiction over malpractice claims is unconstitutional. It is therefore irrelevant whether the present action was properly classified as a malpractice action. Jurisdiction is properly with the Court of Common Pleas.[2]

The order of the lower court is vacated and the records are remanded for proceedings consistent with this opinion.

1. Act of October 15, 1975, P.L. 390, No. 111 § 101 et seq. as amended by the Act of December 14, 1979, P.L. 562 No. 128, 40 P.S. § 1301.101 et seq. (Supp. 1980–81). (Hereinafter referred to as Malpractice Act).

2. See Opinion of Attorney General entitled *"Health Care Services Malpractice Act*, 15 Pa.D. & C.3rd, 585, 1980".